IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 19, 2020

FILED
09/28/2020
Clerk of the
Appellate Courts

## STATE OF TENNESSEE v. OMARI SHAKIR DAVIS

**Appeal from the Criminal Court for Davidson County**
**No. 2016-B-539      Cheryl Blackburn, Judge**

### No. M2020-00300-CCA-R3-CD

In this, his second delayed appeal, the defendant, Omari Shakir Davis, appeals the sentence imposed for his Davidson County Criminal Court guilty-pleaded conviction of possession with intent to sell or deliver 15 grams or more of a substance containing heroin, arguing that the trial court erred imposing an 18-year, fully-incarcerative sentence. Discerning no error, we affirm.

### Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN, and TIMOTHY L. EASTER, JJ., joined.

Manuel B. Russ, Nashville, Tennessee, for the appellant, Omari Shakir Davis.

Herbert H. Slatery III, Attorney General and Reporter; Caitlin Smith, Assistant Attorney General; Glenn R. Funk, District Attorney General; and Doug Thurman, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

This case has a convoluted procedural history. Originally charged with one count each of possession with intent to deliver or sell 15 grams or more of a substance containing heroin, possession with intent to deliver or sell a substance containing alprazolam, and possession with intent to use drug paraphernalia to prepare a controlled substance, the defendant pleaded guilty to possession with intent to deliver or sell 15 grams or more of a substance containing heroin in exchange for dismissal of the remaining charges and a sentence to be determined by the trial court. *See State v. Omari Shakir Davis*, No. M2018-01779-CCA-R3-CD, slip op. at 1-2 (Tenn. Crim. App., Nashville, Nov. 20, 2019). According to the stipulation of facts provided at the guilty plea submission hearing, the defendant admitted that he had been selling heroin out of a residence at 1811 Haynes

Street in Davidson County. *See id.*, slip op. at 2. During the execution of a search warrant at that residence, officers discovered "approximately thirty grams of heroin along with some other drugs as well as scales, baggies, and cash." *Id.* At the sentencing hearing, the defendant asked for a sentence to the Drug Court program followed by a community corrections placement. The trial court set a sentence length of 18-years but reserved ruling on the request for Drug Court placement even though the defendant tested positive for the use of opiates. Upon being taken into custody following the sentencing hearing, "the defendant had both heroin and opiates on his person, giving rise to new charges," which new charges rendered him ineligible "for immediate placement in Drug Court, and the trial court ordered him to serve his 18-year sentence at the Department of Correction." *Id.*

The defendant then moved the trial court pursuant to Tennessee Rule of Criminal Procedure 35 to modify his sentence to "placement in Drug Court after a period of split confinement." The trial court denied the motion, and the defendant filed a petition for post-conviction relief, arguing, among other things, that he was deprived of the effective assistance of counsel by counsel's failure to seek a mental health evaluation. *See id.*, slip op. at 2-3. The post-conviction court, noting that the defendant's claims related to his sentence rather than his conviction and that the defendant had not pursued a direct appeal of the sentence, granted the defendant a delayed appeal for the sole purpose of challenging the propriety of the sentence. *Id.*, slip op. at 3.

Unfortunately for the defendant, his newly-appointed counsel failed to timely file the notice of appeal to this court, and this court dismissed the defendant's delayed appeal as untimely. *Id.*, slip op. at 3. Upon receipt of the mandate from this court, the post-conviction court entered an order appointing new counsel to represent the defendant on the post-conviction case, which had been held in abeyance pending the resolution of the delayed appeal. Additionally, the court held that because the defendant "has not had the merits of his direct appeal heard, this Court is compelled to grant [the defendant] a second delayed appeal."

In this second delayed appeal, the defendant again challenges the propriety of the sentence, arguing that the trial court erred as to both the length and manner of service of the sentence.

At the sentencing hearing, Metropolitan Nashville Police Department Detective Ronald Flaherty testified that the police observed two separate drug sales involving the sale of heroin and that on each occasion, the vehicle being driven by the person who sold the heroin was registered to 1811 Haynes Street. A trash pull at that residence led to the discovery of evidence of narcotic use. Detective Flaherty used this information to obtain a search warrant for the residence at 1811 Haynes Street. Officers executed the search warrant on November 24, 2015, and discovered the defendant in the

bathroom in possession of a Crown Royal bag that contained 27.1 grams of heroin, Xanax bars, and a set of digital scales. The defendant also possessed another plastic bag that contained four grams of heroin. In the house, officers discovered $260 cash, another set of digital scales, and a number of smaller baggies. The defendant claimed ownership of the drugs and drug paraphernalia and admitted to Detective Flaherty that he had been selling heroin out of the home.

The defendant's fiancée, Mercedes Ochoa, testified that she believed that the defendant needed treatment for his drug addiction. She admitted, however, that the defendant had already completed several addiction programs without any long-term success.

The defendant's twin brother, Jumaane Davis, testified that he, too, suffered from drug addiction and that the brothers had been exposed to drug use from an early age. He said that he had gotten sober and that he believed he could help the defendant maintain his sobriety.

The defendant testified that he had been using drugs for approximately 10 years and that he had resorted to selling heroin to support his drug habit. He said that he began taking opioids after having been treated for testicular cancer. After a time, he turned from opiates to heroin. The defendant testified that his first wife left him and took their children as a result of his drug use. He said that his wife's leaving had exacerbated his addiction issues. The defendant insisted that he was ready to seek treatment for his addiction issues.

During cross-examination, the defendant acknowledged that he had a number of felony convictions, including some for selling drugs. He also admitted that he had violated sentences of probation more than once and that he had violated the sentence of probation imposed for a 2010 conviction of selling drugs on at least three occasions. Indeed, he was on probation for that offense when he committed the offense in the instant case.

Upon questioning by the trial court, the defendant conceded that he had been using heroin between the plea submission hearing and the sentencing hearing.

The presentence report established that the defendant had four prior felony convictions and at least 14 prior misdemeanor convictions. The defendant had violated his probation on at least three prior occasions.

In arriving at the Range II sentence of 18 years, the trial court applied enhancement factors (1), that the defendant's previous history of criminal convictions or

criminal behavior exceeds that necessary to establish the appropriate range; (8), that the defendant had previously failed to comply with sentences involving release into the community; and (13), that the defendant was on probation when he committed the offense in this case. *See* T.C.A.§ 40-35-114(1), (8), (13). In mitigation, the trial court found that the defendant's conduct neither caused nor threatened serious bodily injury. *See id*. § 40-35-113(1).

The trial court rejected the defendant's request for alternative sentencing and specifically his request for a Drug Court placement, noting that the defendant had heroin in his pocket while he was at the sentencing hearing claiming that he was ready to pursue drug treatment. The court observed that if the defendant did not have the courtesy not to bring drugs to court, he was unlikely to be successful at any treatment program. The court also noted that the defendant's behavior indicated that he had not accepted responsibility for his actions because he had not yet been forced to face serious consequences for them. The court found that the defendant had already attended several drug-treatment programs and had not yet been successful at maintaining his sobriety.

Our supreme court has adopted an abuse of discretion standard of review for sentencing and has prescribed "a presumption of reasonableness to within-range sentencing decisions that reflect a proper application of the purposes and principles of our Sentencing Act." *State v. Bise*, 380 S.W.3d 682, 707 (Tenn. 2012). The application of the purposes and principles of sentencing involves a consideration of "[t]he potential or lack of potential for the rehabilitation or treatment of the defendant . . . in determining the sentence alternative or length of a term to be imposed." T.C.A. § 40-35-103(5). Trial courts are "required under the 2005 amendments to 'place on the record, either orally or in writing, what enhancement or mitigating factors were considered, if any, as well as the reasons for the sentence, in order to ensure fair and consistent sentencing.'" *Bise*, 380 S.W.3d at 698-99 (quoting T.C.A. § 40-35-210(e)). Under the holding in *Bise*, "[a] sentence should be upheld so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." *Id*. at 709. The abuse-of-discretion standard of review and the presumption of reasonableness also applies to "questions related to probation or any other alternative sentence." *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012).

When a trial court orders a fully-incarcerative sentence, it must base the decision to confine the defendant upon the considerations set forth in Code section 40-35-103(1), which provides:

(1) Sentences involving confinement should be based on the following considerations:

-4-

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant; . . . .

T.C.A. § 40-35-103(1).

In our view, the record supports the sentencing decision of the trial court. The defendant's extensive criminal history and his failure to comply with sentences involving release into the community support both the enhancement of his sentence within the range and the imposition of a fully-incarcerative sentence. Indeed, the defendant was on probation when he committed the offense in this case. Significantly, the defendant had heroin in his possession when taken into custody following the sentencing hearing on his conviction for *selling heroin*. The record clearly indicates that measures less restrictive than confinement had recently been applied unsuccessfully to the defendant.

Accordingly, the judgment of the trial court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE